**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 23, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LLOYD NEIL POPE,

Plaintiff-Appellant,

v.

DAVID C. MILLER, Warden; FLOYD
FRY, Law Library Supervisor;
MICHAEL MEADE, Sergeant;
HANCOCK, Food Supervisor;
MELISSA HALVERSON, Medical
Director; EDWIN CARNS, M.D.;
UNDERWOOD, Unit Manager,

Respondents-Appellees.

No. 08-6180

Western District of Oklahoma

(D.C. No. 5:07-CV-01333-F)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **MURPHY** and **McCONNELL**, Circuit Judges.

Lloyd Pope, a state prisoner proceeding pro se, brought a 42 U.S.C. § 1983

complaint against various prison officials and employees claiming that the

conditions of his confinement violate his constitutional rights. Among other

_____

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is
therefore submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

things, he claimed that he was denied medical treatment, given substandard food, and denied access to the prison law library. He sought damages as well as release. The magistrate judge issued two supplemental reports that recommended dismissal of some of Mr. Pope's claims and a grant of summary judgment to the defendants on the rest. After considering Mr. Pope's objections to each report, the district court entered separate orders agreeing with the recommendations of the magistrate judge, and entered judgment for the defendants. Mr. Pope appealed. We affirm.

## Discussion

Mr. Pope essentially repeats the claims he made below without responding to the substance of the magistrate judge's recommendations or the district court's orders. He claims he is being denied access to the legal library and law books. The magistrate judge noted that there is no abstract right of access to a law library, absent the allegation of some actual injury in pursuing a claim—which Mr. Pope has not provided. Supp. Rep. & Rec. at 5. Mr. Pope also makes claims about his prison conditions, in particular the food he is served, and he also alleges an "institutional shakedown." But the magistrate judge found that Mr. Pope had not exhausted his administrative remedies, or at least that he had not presented sufficient evidence that he had. Second Supp. Rep. & Rec. at 8–11. Mr. Pope does not make any attempt to show that this finding was in error.

Mr. Pope also now moves for sanctions "against the defendant(s) for

2

retaliating against the Plaintiff when asking for pens and/or copies." But Mr. Pope does not allege any actual injury. *See Rizzo v. Dawson*, 778 F.2d 527, 532 n.4 (9th Cir. 1985) ("bare allegations of arbitrary retaliation" are not enough "by themselves . . . to avoid dismissal.") In any event, an appeal is not the proper occasion for bringing new claims. Accordingly, we deny the motion.

### Conclusion

We **AFFIRM** the district court's judgment. We **DENY** Mr. Pope's motion to proceed in forma pauperis, and remind Mr. Pope that he is responsible for the immediate payment of any unpaid balance of his appellate fees.

Entered for the Court,


Michael W. McConnell
Circuit Judge

3